UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL M. DEISZ<br><br>    Petitioner,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION, IDAHO STATE CORRECTIONAL INSTITUTION UNIT 10, and WARDEN thereof,<br><br>    Respondents. | Case No. 1:09-CV-00395-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court in this habeas corpus matter is Respondents' Motion for Summary Judgment (Dkt. 15). Respondents have also filed a Motion for Petitioner to Verify Petition for Writ of Habeas Corpus (Dkt. 12) and a Motion for Petitioner to Name Proper Respondent (Dkt. 13). The Court finds that decisional process would not be aided by oral argument, and it will resolve these matters on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth below, the Court will deny Respondents' motions to verify the Petition and name the proper Respondent, but will grant Respondents' Motion for Summary Judgment, and the case will be dismissed.

**ORDER - 1**

# BACKGROUND

On July 19, 2005, four officers with the Kootenai County Sheriff's Department went to Petitioner's home to assist Petitioner's soon-to-be ex-wife in retrieving some of her personal property. (State's Lodging B-4, pp. 1-2.) They announced their presence and attempted, unsuccessfully, to get Petitioner to come out of the house. (*Id*. at 2.) Two officers then used a key that Petitioner's wife had given them to gain entrance to the home through the garage. When they opened the door, Petitioner shot one officer and pointed his gun at the other, though the officer who was shot was not seriously hurt because he was wearing a bullet proof vest. (*Id*. at 2-3.)

The State charged Petitioner with attempted first degree murder, aggravated assault, and the use of a deadly weapon in committing these crimes. (State's Lodging A-1, pp. 65-66.) Petitioner filed a motion to suppress, which was denied, and he agreed to plead guilty to a reduced charges of aggravated battery and aggravated assault while reserving the right to appeal the denial of the suppression motion. (State's Lodging A-1, p. 236; State's Lodging A-5, pp. 17-27.) The case proceeded to sentencing.

Included within the presentence investigation report was a sentencing recommendation from the victim of Petitioner's aggravated assault. (State's Lodging A-7, p. 2.) He asked the trial court to double the sentence, and he indicated that "fifteen years in prison would be an appropriate sentence." (*Id*.) The officer who had been shot did not provide a recommendation. (*Id*.)

At sentencing, Petitioner objected to the trial court's consideration of the victim's

recommendation. The court overruled the objection, indicating that it generally construed victim impact statements as merely "input," but noted that it would not consider the victim's attempt to "interpret the law of what the court should do." (State's Lodging A-5, pp. 52-53.) The court then examined the factors for sentencing and concluded that Petitioner was a risk to the public, sentencing him to fifteen years for aggravated battery, with the first ten years fixed, and to a concurrent five years, with two years fixed, for aggravated assault. (State's Lodging A-5, pp. 81-82.)

On appeal, Petitioner argued that the trial court erred in denying his motion to suppress and that the Eighth Amendment prohibited a trial court from considering a victim's recommendation as to the appropriate sentence. (State's Lodging B-1, pp. 3-8.) The Idaho Court Appeals affirmed the trial court's ruling on the motion to suppress and held that while the Eighth Amendment places boundaries on the consideration of victim impact testimony in death penalty cases, that rule did not extend to sentencing by a judge in non-capital cases. (State's Lodging B-4, pp. 9-10.) Petitioner did not seek review of the Court of Appeals' decision in the Idaho Supreme Court.

In his Petition, Petitioner alleges again that "his sentence violates the proscription against victim recommendations on punishment acknowledged in *Booth v. Maryland*, 482 U.S. 496, 509-09 [sic] (1987); *Payne v. Tennessee*, 501 U.S. 808, 830 (1991); and their progeny." (Dkt. 1, p. 2.)

## PRELIMINARY MOTIONS

Initially, Respondents contend that Petitioner should be required to verify the

contents of his Petition. The Petition was signed under penalty of perjury by an attorney, Douglas Phelps, who claims that he is "the attorney representing [Petitioner], and that he is acting on the behalf of [Petitioner] pursuant to 28 U.S.C. § 2242, and that the information contained in this petition is true and correct to the best of his knowledge and belief." (Dkt. 1, p. 2.) Rule 2 of the Rules Governing Section 2254 Cases requires that a petition be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Habeas Rule 2(c)(5). In the absence of any evidence that Petitioner did not authorize the filing of the Petition, the Court concludes that counsel's verification satisfies the requirements in Habeas Rule 2 and 28 U.S.C. § 2242.

Respondents next argue that Petitioner failed to name a proper respondent. A proper respondent in a habeas action is the petitioner's custodian, unusually the warden, who has the authority to release him if the writ is issued. *See* Habeas Rule 2(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Idaho Department of Correction and the Idaho State Correctional Institution (ISCI) are not proper respondents, but Petitioner also listed the "warden thereof," presumably meaning the warden of ISCI. This Court takes judicial notice that the warden at that institution is Johanna Smith. Because Petitioner named the warden, his Petition does not fail for lack of a proper respondent.

### RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

Respondents seek dismissal of Petitioner's habeas claim, arguing that it is untimely, procedurally defaulted, would require the retroactive application of a new rule,

and fails on the merits. (Dkt. 15.) Because the Court agrees that Petitioner would be unable to meet the standards for habeas relief on the merits, it will dismiss the Petition on that basis without reaching Respondents' alternative arguments.

      1. <u>Habeas Standards</u>

The provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA) are applicable to this case. Under AEDPA, the Court cannot grant habeas relief on any federal claim that the state court adjudicated on the merits unless the adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) has two clauses, each with independent meaning. For a decision to be "contrary to" clearly established federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause, the petitioner must show that the

ORDER - 5

state court was "unreasonable in applying the governing legal principle to the facts of the case." *Williams*, 529 U.S. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). The state court need not cite or even be aware of the controlling United States Supreme Court decision to be entitled to AEDPA deference. *Early v. Packer*, 537 U.S. 3, 8 (2002).

To be eligible for relief under § 2254(d)(2), the petitioner must show that the decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*.

Under all circumstances, state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Discussion

Petitioner's claim relies entirely on the application of the constitutional rule announced in *Booth v. Maryland*, 482 U.S. 496 (1987) and *Payne v. Tennessee*, 501 U.S. 808 (1991) to the facts of his case. His reliance is misplaced.

In *Booth,* the Supreme Court held that the introduction of victim impact evidence at the sentencing phase of a capital trial violates the Eighth Amendment. 482 U.S. at 503-08. Four years later, in *Payne*, the Court overruled *Booth* in part, holding that evidence regarding the personal characteristics of the victim and the impact of the victim's death

ORDER - 6

on his or her family members was not *per se* inadmissible, but the core aspect of *Booth* prohibiting the victim from recommending a specific sentence or expressing an opinion about the defendant survived. *Payne*, 501 U.S. at 829. Even in *Booth*, however, the Supreme Court expressed "no opinion as to the use of these statements in noncapital cases." 482 U.S. at 509 n.12. The Ninth Circuit Court of Appeals has since acknowledged this distinction and concluded that the "[u]se of a victim impact statement at sentencing [in noncapital cases] thus does not violate the Supreme Court's holding in *Booth*." *United States v. Santana*, 908 F.2d 506, 507 (9th Cir. 1990); *see also United States v. Horsfall*, 552 F.3d 1275, 1284 (11th Cir. 2008) (same).

Petitioner has cited no federal authority that extends the *Booth* and *Payne* rule to noncapital cases, and the Court is aware of none. Accordingly, there is no clearly established federal law as determined by the United States Supreme Court prohibiting a victim from recommending a sentence to a judge in the context of a non-capital sentencing proceeding, and the Idaho Court of Appeals' decision was not contrary to or an unreasonable application of clearly established federal law. Because Petitioner is unable to show that he would be entitled to federal habeas relief under 28 U.S.C. § 2254(d), this case will be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court on its own initiative has evaluated this case for suitability of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

This Court does not believe that reasonable jurists would debate its determination that the Idaho Court of Appeals' adjudication of the constitutional claim was not contrary to or an unreasonable application of clearly established federal law. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

## ORDER

IT IS ORDERED:

1. Respondents' Motion for Petitioner to Verify Petition for Writ of Habeas Corpus (Dkt. 12) is DENIED.

2. Respondents' Motion for Petitioner to Name Proper Respondent (Dkt. 13) is DENIED. The Clerk of Court shall note on the docket that Johanna Smith, Warden of the Idaho State Correctional Institution, is a respondent in

this matter.

3. Respondents' Motion for Summary Judgment (Dkt. 15) is GRANTED.

4. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **March 22, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge